JUDGE CARTER

**13 CV 9047**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERIC-JOHN RUSSELL,

                Plaintiff,                  **COMPLAINT**

    -against-                           **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK; POLICE
LIEUTENANT MICHAEL CASEY; POLICE
OFFICER JOHN BAIERA, Shield No. 15656;
JOHN DOES; and RICHARD ROES,

                Defendants.
----------------------------------------------------------------X

*RECEIVED DEC 23 2013 U.S.D.C. S.D.N.Y. CASHIERS*

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff ERIC-JOHN RUSSELL seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.     This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.     The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on November 5, 2012. More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff ERIC-JOHN RUSSELL was at all times relevant herein a resident of the State of New York, Kings County.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9. Defendants POLICE LIEUTENANT MICHAEL CASEY; POLICE OFFICER JOHN BAIERA, Shield No. 15656, and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE LIEUTENANT MICHAEL CASEY; POLICE OFFICER JOHN BAIERA, Shield No. 15656, and JOHN DOES, are sued individually and in their official capacity.

10. Defendants POLICE LIEUTENANT MICHAEL CASEY and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise

performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants POLICE LIEUTENANT MICHAEL CASEY and RICHARD are sued individually and in their official capacity.

## STATEMENT OF FACTS

11. On the morning of October 14, 2011, Plaintiff was present on the sidewalk on Beaver Street in lower Manhattan.

12. Plaintiff had been a part of a march associated with the Occupy Wall Street (OWS) movement.

13. Plaintiff had at all time along the march route - which went from Zuccotti Park south on Broadway, and turned left onto Beaver Street – been walking entirely peaceably and lawfully on the sidewalk.

14. Without any warning whatsoever, Plaintiff was grabbed from behind by approximately three or more police officers - on information and belief including Defendants POLICE LIEUTENANT MICHAEL CASEY and POLICE OFFICER JOHN BAIERA - and roughly brought from the sidewalk into the roadway by the officers.

15. Defendant POLICE LIEUTENANT MICHAEL CASEY was, during the events at issue herein, a member of the NYPD's Intelligence Division.

16. After Plaintiff was pushed into the roadway by the officers, the officers - on information and belief including Defendants CASEY and BAIERA - forced Plaintiff against a vehicle.

17. Shortly thereafter, Plaintiff was handcuffed by the officers - on information and belief including Defendants CASEY and BAIERA – with extreme, painful, and unnecessary

tightness.

18. Plaintiff requested that his handcuffs be loosened.

19. Plaintiffs' request was ignored by the officers.

20. Plaintiff was held against his will against the vehicle for approximately half an hour.

21. Plaintiff was placed with approximately four other arrestees into a police transport vehicle and taken by two JOHN DOES officers to a police precinct – on information and belief the NYPD 7th Precinct.

22. At the precinct the contents of Plaintiff's pockets, and the contents of Plaintiff's backpack, were searched.

23. While being held at the precinct, the police told Plaintiff to lift his shirt, and asked if he had any identifiable marks.

24. Plaintiff was not provided with anything to drink or eat while at the precinct.

25. Another arrestee had requested drink and/or food, and it was not provided by the JOHN DOES officers at the precinct.

26. Plaintiff was released from the precinct after approximately 10 hours with a Desk Appearance Ticket.

27. Plaintiff was wrongfully charged with Disorderly Conduct, under New York State Penal Law § 240.20 (6).

28. Defendant BAIERA was the deponent, under penalty of perjury, on the Criminal Court complaint lodged against the Plaintiff, which falsely stated, *inter alia*, that he was informed by Defendant CASEY that Defendant CASEY observed Plaintiff and others in a traffic lane, heard

a uniformed police officer order Plaintiff and others to leave the street, and that Plaintiff and others refused that order to disperse.

29. These allegations are lies.

30. Plaintiff was on the sidewalk, and not in a traffic lane.

31. Plaintiff was never ordered to do anything by a member of the NYPD prior to being arrested.

32. Defendant CASEY was the deponent, under penalty of perjury, on a Supporting Deposition attesting to the truthfulness of the false allegations in the Criminal Complaint.

33. Plaintiff had to return to the Criminal Court on approximately three occasions to contest the charges against him.

34. On September 27, 2012 Plaintiff was acquitted following a bench trial on the Disorderly Conduct charge.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

36. By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, maliciously prosecuting plaintiff, abusing process against plaintiff, violating rights to due process of plaintiff, fabricating false evidence against plaintiff, violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, failing to intercede on behalf of the plaintiff and in failing to

protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants CASEY, BAIERA, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

37.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants CASEY and RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

40.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## **THIRD CLAIM**

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

41. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

42. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct. These policies, practices, customs, and usages were a direct and

proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de</u> <u>facto</u> policies, practices, customs and/or usages of engaging in unconstitutional false arrests and related malicious prosecutions of, and in unconstitutional, violent, and overly aggressive actions toward, and in unconstitutional intelligence gathering activities with regard to, individuals perceived as being affiliated with the Occupy Wall Street movement. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

47. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

48. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

49. The conduct of the individual defendants alleged herein, occurred while they were on duty, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

50. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

51. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

52. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

53. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
           December 23, 2013

_____
JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, New York 10007
(212) 227-2980

Attorney for Plaintiff